James A. Bustamante
CA SBN 133675
1000 Brannan Street, Suite 488
San Francisco, CA 94103
T: 415-394-3800
F: 415-522-1506
james@jacksonsquarelaw.com

Attorney for
GREGORY BELL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> GREGORY LEWIS BELL, JR, <br><br> Defendant | Case No.: 21-mj-71435-MAG <br><br> MEMORANDUM IN SUPPORT OF MOTION FOR PRE-TRIAL RELEASE ON BAIL <br><br><br> DATE: October 7, 2021 <br> TIME: 10:30 AM <br> Honorable Magistrate Judge Thomas Hixson |

Defendant Gregory Lewis Bell Jr., through counsel, offers this memorandum in support of his motion requesting that he be released on bail.

## STATEMENT OF THE CASE

On May 6, 2019, Mr. Bell was allegedly involved in a shooting incident in San Francisco, California. Upon a search of the vehicle in which Mr. Bell was a mere passenger, law enforcement discovered weapons that were not in Mr. Bell's possession. Although Mr. Bell was arrested on that date, no charges were brought by state or federal law enforcement until 2021. On September 24, 2021, the US Marshals executed a search and arrest warrant on Mr. Bell at 1256 Foothill Street, Redwood City, California. Mr. Bell was arrested on a Complaint charging Count One: 18 U.S.C. §922(g)(1): Felon in Possession of Firearms and Ammunition. Mr. Bell made his first appearance before the Honorable Magistrate Judge Sallie Kim on Monday, September 27, 2021, where Assistant United States Attorney Evan Mateer advised the Court of his intention to

seek detention. Mr. Bell participated in a pre-bail interview with United States Pretrial Services Officer Carolyn Truong on Thursday, September 30, 2021. The report by Ms. Truong was completed on October 1, 2021 and Counsel for the Mr. Bell incorporates this report in this memorandum by reference. Mr. Bell now seeks pre-trial release on bail.

## **FACTORS TO BE CONSIDERED UNDER 18 USC §1342(g)**

The Bail Reform Act, 18 U.S.C. § 3142, governs the release and detention of defendants awaiting trial. A court may detain a defendant pending trial only if the Government shows by a preponderance of the evidence that "no condition or combination of conditions will reasonably assure the appearance of the person," or by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence, 18 U.S.C. § 3142(f), and a finding that a defendant is a flight risk must be supported by a preponderance of the evidence. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

When determining whether a defendant poses a flight risk or is a danger to the community, the Court looks to the factors listed in 18 U.S.C. §1342(g). The following factors to be considered are:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; the weight of the evidence against the person;

2. The history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and whether, at the time of the current offense or arrest, the person was on probation, on parole, or other releases pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

2
DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR PRE-TRIAL RELEASE ON BAIL

3.  The nature and seriousness of the danger to any person or the community that the person's release would pose. 18 U.S.C. §1342(g).

Many of the considerations in this list are in favor of conditions of release that can be fashioned to support a Court's order of release:

1. The defendant was born and raised in San Francisco, California. *Pretrial Services Report, page 1*.

2. If released, the defendant has secured full-time employment as a Foreman with Clutch Moving Company based in San Francisco, California. *See Exhibit A*.

3. Defense counsel is in possession of Mr. Bell's United States passport.

4. The defendant has close community ties and a close relationship with his parents, family members, and church. *Pretrial Services Report, page 1-2*.

5. The defendant is in good physical and mental condition. *Id. at 4*.

6. Regarding alcohol and drug abuse, the defendant was candid with Pretrial Office Truong regarding his infrequent use of cannabis and could abstain from use if required as a condition of his release. *Id. at 4*.

7. The defendant's criminal activity spans many years, but Mr. Bell's last felony conviction was in 2014. His convictions are as follows:[1]

    a. 12/09/2005 (14 years old, juvenile): Convicted of False Identification to Specific Peace Officer (Wardship, Misdemeanor)

---

[1] In Officer Truong's Pre-Bail Report, she makes mention of a 2017 conviction. However, Alameda County Probation Office confirmed that there is no 2017 conviction for Mr. Bell.

3
DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR PRE-TRIAL RELEASE ON BAIL

   *b.* 12/08/2006 (15 years old, juvenile): Convicted of Two Counts of Robbery: Second Degree (Wardship)

   *c.* 09/11/2013 (22 years old): Convicted of Receive Etc. Known Property (Felony)

   *d.* 05/06/2014 (23 years old): Convicted of Burglary (Felony)

   *e.* 01/16/2020 (29 years old): Convicted of Battery (Misdemeanor)

 Mr. Bell admittingly does have a criminal history beginning from when he was a juvenile. However, Mr. Bell has not been convicted of felony since 2014. Additionally, Mr. Bell has no history of probation, parole, or supervised release violations in the past five years. *Id. at 9.* The Government's concerns regarding the defendant's criminal history can be addressed by the conditions of release that purport to create a significant consequence not only to the defendant but also his family if he violates any conditions of release. His mother, Lawanna Cage, works as an aid for In Home Care Support Services and is willing to be a surety for Mr. Bell. His grandmother, Gail Russel, is retired and willing to allow Mr. Bell to reside with her if he is released on bail. Additional conditions of release, such as, an ankle bracelet with GPS tracking and/or curfew can be imposed by the Court to ensure Mr. Bell's future appearance.

### **THE WEIGHT OF THE EVIDENCE AGAINST THE DEFENDANT**

 The Court must consider the weight of the evidence against Bell, although this factor is considered to be of least importance in the detention determination. *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986) (citing *United States v. Cardenas*, 784 F.2d 937, 938 (9th Cir. 1986). Here, the weight of the evidence although troubling, does weigh in Mr. Bell's favor.

 On the night of the offense, on May 6, 2019, Mr. Bell was a passenger in a vehicle that was involved in a shooting. Witnesses reported seeing an individual shooting a gun from the vehicle from the backseat window of the driver's side. Mr. Bell was found in the front passenger seat of the vehicle. When the vehicle was searched, weapons were found in a secret panel within the driver's door. One of the weapons, a .45 caliber Glock 21, is purportedly associated to two other

shooting incidents: an incident on March 24, 2018 and January 16, 2019.[2] The Government attempts to use the presence of the weapon in the same vehicle as Mr. Bell as proof of participation in the other listed incidents; however, the support offered is speculative, at best. The weapon is not registered to Mr. Bell. The weapon was not in Mr. Bell's direct possession or in a place easily accessible to Mr. Bell- it was hidden within a panel inside the driver's seat door. Lastly, Mr. Bell was not arrested in either the March 24, 2018 or the January 16, 2019 incidents.

During the execution of the search warrant on September 24, 2021, the Government is correct that an AR-15 style assault pistol was found inside a vehicle parked on the street outside of the residence. However, the Government's belief that vehicle was under the control of Mr. Bell is unsupported by any evidence or discovery provided this far. This vehicle was not registered to Mr. Bell. The only vehicle purportedly connected to Mr. Bell is a 2012 Nissan Altima worth $4,000. *Pretrial Services Report, page 4.*

The Government's position is based on inuendo and multiple layers of inferences rather than any credible evidence or scientifically trusted methodology. There is no definitive determination that Mr. Bell was actively involved in these alleged incidents included in the Government's argument.

## **CONCLUSION**

For the foregoing reasons, Counsel respectfully requests that this Court release Mr. Bell while he awaits trial.

Dated this 6th day of October 2021.

_____
James A. Bustamante
Attorney for GREGORY BELL

---

[2] There is no evidence or discovery making a conclusive determination that the ammunition connected to those two incidents are more than just "associated with" the Glock 21 discovered in the hidden compartment in a vehicle not owned or controlled by Mr. Bell. It should be noted that no charges have been brought and/or pending relating to those two incidents.

# PROOF OF SERVICE

I, the undersigned say:

I am over 18 years of age and not a party of the above action. My business address is:

> 1000 Brannan Street, Suite 488
> San Francisco, California 94103

That on October 6, 2021, I served via email of the attached on the following parties:

> **Evan M. Mateer**
> Special Assistant United States Attorney
> Northern District of California
> Evan.Mateer@usdoj.gov
> Office: (415) 436-7181

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 6, 2021 at San Francisco, California.

JAMES A. BUSTAMANTE

# EXHIBIT A

 975 Linden Ave, South San Francisco, CA 94080, Tel: 650-535-2424

October 02, 2021

To whom it may concern,

    My name is Steven Mandac, President and founder of Clutch Moving Company.

    We have been in business since 2017 and have grown into one of the Top moving Companies in the Bay Area. Gregory Lewis Bell will have work once he is free to report to work. I believe, he will be a great addition to our team due to his positive attitude and integrity.

    Upon his release, Gregory Lewis Bell, will have a full time position as a Foreman at Clutch Moving Company.  For any questions or concerns please feel free to reach me at my direct number 650 - 425 - 0353 or my email [steven@clutchmovingcompany.com](mailto:steven@clutchmovingcompany.com)

    Yours Truly,

    Steven Mandac